39 F.3d 1188
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Reginald SCOTT, Petitioner-Appellant,
v.
A. CALDERON, Warden, et al., Respondents-Appellees.
 No. 93-56678.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 3, 1994.*
Decided Nov. 8, 1994.
 
 1
 Before: D.W. NELSON, NORRIS, and BOGGS,** Circuit Judges
 
 
 2
 MEMORANDUM***
 
 
 3
 In 1979, Reginald Scott admitted to killing a woman but claimed he had a diminished capacity. At trial, doctors for the defense and prosecution presented conflicting testimony on Scott's alleged diminished capacity. The jury convicted Scott of second degree murder.
 
 
 4
 Three weeks later, Scott filed a motion for a new trial alleging that a juror had brought into the jury room a Los Angeles Herald Examiner article dealing with a proposal to limit diminished capacity pleas. In the context of presenting opposing views on the matter, the article quoted a psychiatrist as saying that diminished capacity was "nonsense," "psychobabble," and "trickery," and that "[p]sychiatrists do not have any way to determine whether anyone can have a capacity to premeditate." ER at 2. According to a declaration by a defense investigator, five of the seven jurors he interviewed were aware that the article had been brought into the jury room, two of them saw others reading it, and one of them read it but "did not understand" it and saw "localized discussion" of it among a few other jurors. ER at 3-11. Each juror declined to give an affidavit about the article to the defense investigator.
 
 
 5
 At the evidentiary hearing on the matter, the trial court refused to allow Scott to call any of the jurors as witnesses. The trial court evaluated the defense investigator's affidavit and then denied Scott's motion for a new trial. In this federal habeas appeal, Scott claims that the trial judge's refusal to allow juror testimony at his hearing violated due process.
 
 
 6
 The district court denied the habeas petition, reasoning that the newspaper article never mentioned Scott's particular case, that the potentially prejudicial comments were presented in the context of opposing views on the issue, and that jurors are presumed to be able to distinguish between personal opinions and the law which they are to apply. ER at 82. The district court held that Scott failed to make a showing that, if given the opportunity to call the jurors as witnesses, he could have proven that the jury was not "capable and willing to decide the case solely on the evidence before it...." Id. (citing Smith v. Phillips, 455 U.S. 209, 217 (1981)). We agree.
 
 
 7
 To obtain habeas relief on allegations of juror misconduct, "petitioners must now show that the alleged error had a substantial and injurious effect or influence in determining the jury's verdict." Jeffries v. Blodgett, 5 F.3d 1180, 1190 (9th Cir.1993) (citing Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993)), cert. denied, 114 S.Ct. 1294 (1994).[1] See also United States v. Olano, 113 S.Ct. 1770, 1780 (1993) (noting that outside influences on the jury are generally analyzed for prejudicial impact). At his evidentiary hearing, Scott failed to present evidence that the article had a substantial and injurious effect on the verdict, only that it was present and that it may have been read or discussed by some of the jurors.
 
 
 8
 Scott argues, however, that because the trial court disallowed juror testimony, he was denied the opportunity to prove prejudice, and hence, the evidentiary hearing to which he was entitled. United States v. Bagnariol, 665 F.2d 877, 885 (9th Cir.1981) ("The trial court, upon learning of a possible incident of juror misconduct, must hold an evidentiary hearing to determine the precise nature of the extraneous information."). We hold that Scott failed to make a showing to require an evidentiary hearing as a matter of due process. No jurors told the investigator that the article had any impact whatsoever upon their deliberations. The "nexus" between the article and the guilty verdict must be "direct and rational" to support our reversal of Scott's conviction. United States v. Brodie, 858 F.2d 492, 495 (9th Cir.1988). Since no allegations given to the defense investigator suggested such a nexus, and no juror was willing to give an affidavit to that effect, Scott has no evidence that, had he been allowed to call the jurors as witnesses, he could have proven that the article had a substantial and injurious effect on the verdict. We conclude that the district court's decision to disallow an evidentiary hearing was not an error of constitutional magnitude requiring relief on habeas.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Danny J. Boggs, United States Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Scott cites United States v. Littlefield, 752 F.2d 1429, 1431-32 (9th Cir.1985), for the proposition that the government has the burden to prove beyond a reasonable doubt that the effect of the extraneous material in the jury room was harmless. However, as this court noted, the Supreme Court "has recently invoked a less stringent harmless error standard on collateral review" of jury misconduct cases. Jeffries v. Blodgett, 5 F.3d 1180, 1190 (9th Cir.1993)